**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAMIEN AMARI FRAZIER,<br>Defendant | Case No. 2:26-cr-00182-APG-EJY<br>**Order Denying Damien Frazier's Motion for de novo Review and Revocation of Magistrate Judge's Detention Order**<br>[ECF No. 53] |

Damien Frazier was arrested in Arizona on a warrant issued by this District. The Arizona Pretrial Services (PTS) office recommended that he be detained pending trial. Magistrate Judge James Marner ordered Frazier detained as a serious flight risk. ECF No. 48 at 4. Frazier was transferred to Nevada, where he appeared before Magistrate Judge Daniel Albregts. ECF No. 49. The Nevada PTS office recommended that Frazier be released on conditions, but Judge Albregts ruled that, because Frazier had already been afforded a detention hearing in Arizona, he would remain detained as ordered by Judge Marner. *Id.*

Frazier now moves for de novo review of the detention order. ECF No. 53. He argues that the Nevada PTS report confirms that conditions can be fashioned to reasonably assure community safety and his appearance at future court hearings. The Government opposes, arguing that Frazier is dangerous and a flight risk and no conditions can be imposed to adequately mitigate those risks. ECF No. 60.[1]

[1] The Government's response is incorrectly titled as a response to a different motion filed by a different defendant. Nevertheless, the body of the response addresses Frazier's motion so I have considered it.

A defendant may appeal a detention order to the district court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). I conduct a de novo "review [of] the evidence before the magistrate [judge]" and make an "independent determination whether the magistrate [judge]'s findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). However, I am "not required to start over in every case, and proceed as if the magistrate [judge]'s decision and findings did not exist." *Id.* at 1193.

The Government bears the burden to show by a preponderance of the evidence that Frazier presents a risk of non-appearance; or it may show by clear and convincing evidence that he is a danger to the community. 18 U.S.C. § 3142(f); *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). In determining whether conditions can be fashioned to ensure Frazier's appearance and protect the public, I consider four factors: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves drugs; (2) the weight of the evidence;[2] (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community should the defendant be released. 18 U.S.C. § 3142(g).

Frazier is charged with two counts of illegal acquisition of a firearm and one count of trafficking in firearms. ECF No. 10 at 2-4. The Government alleges he helped codefendant Jessica Zamora purchase three guns from a pawn shop on two separate occasions despite Frazier having two prior felony convictions. The evidence is strong, as Frazier is seen on video in the pawn shop on two occasions selecting the guns. ECF No. 60 at 6-7. On one occasion, the sales

---

[2] This factor "is the least important of the various factors." *Motamedi*, 767 F.2d at 1408. It "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

clerk recalls Frazier selecting one of the guns, leaving the store briefly, returning with cash, and handing the cash to Zamora, who used it to pay for the gun. *Id.* at 5.

Frazier's criminal history includes several arrests and convictions for drug offenses, weapon offenses, violent offenses including murder and battery with substantial bodily harm, and use of an illegal substance. The Government alleges that, while his codefendants were detained in connection with this case, Frazier spoke with them on the phone about their initial charges, an earlier shooting they were allegedly involved in, and that Frazier was hiding out in Arizona. ECF No. 60 at 10. Frazier's father (and codefendant) allegedly told the FBI that Frazier was avoiding law enforcement officers because of his prior arrest for open murder. *Id.* At the time he was arrested in Arizona, he was driving a car registered to someone else and using a cell phone not subscribed to him. *Id.* at 11. The Arizona PTS report shows Frazier has several active warrants, has failed to appear for court hearings, and has been unemployed or self-employed on an irregular basis. Frazier has not offered evidence or arguments to rebut any of this. All these factors, particularly fleeing to Arizona to avoid arrest, confirm Frazier is a flight risk. And he is a danger to the community. He has been charged with and convicted of several violent crimes and is charged with helping to acquire three guns that he knows he is not allowed to possess.

The proposed conditions are not adequate to address the risks he presents. For instance, Frazier seeks to return to his mother's house, where he lived before fleeing to Arizona. But his codefendants live there as well. Thus, it would be nearly impossible to enforce the condition that he not discuss the case with his codefendants outside presence of counsel. And given that he has failed to appear at hearings in other cases and has outstanding warrants, it is apparent that no combination of conditions will adequately ensure Frazier's appearance at trial.

I THEREFORE ORDER that Frazier's motion for review and revocation of his detention order **(ECF No. 53) is denied**.

DATE: November 20, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE